**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-CV-00619-LTB-MJW

Philip W. Wyers, a Colorado
resident, and Wyers Products
Group, Inc., a Colorado corporation,

    Plaintiffs,

v.

Master Lock Company,
a Delaware corporation

    Defendant.

_____

**FIRST AMENDED COMPLAINT**
_____

Plaintiffs, Philip W. Wyers and Wyers Products Group, Inc., by and through their attorneys, Martin & Henson, P.C., for their First Amended Complaint allege upon information and belief as follows:

**I.  JURISDICTION AND VENUE**

1.    This action arises under the patent laws of the United States of America, 35 U.S.C. §271 *et seq*, for infringement of patents granted by the United States Patent Office.

2.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331 and §1338(a).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(b).

## II.  PARTIES

4. Plaintiff, Philip W. Wyers ("P. Wyers") is a resident of the State of Colorado living at 14705 East Aberdeen Avenue, Centennial, Colorado 80016.

5. Plaintiff, Wyers Products Group, Inc. ("Wyers Products"), is a Colorado Corporation having its principal place of business at 6770 South Dawson Circle, Suite 200, Centennial, Colorado 80112.

6. P. Wyers is the owner and the president of Wyers Products.

7. Defendant, Master Lock Company ("Master Lock"), upon information and belief, is a Delaware corporation having its principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154.

8. Master Lock does business within the State of Colorado on a regular and continued basis.

## III.    GENERAL ALLEGATIONS

9. Wyers Products is a manufacturer and distributor of a variety of locking devices particularly directed to the trailer hitch industry.

10. Wyers Products sells many of its products through national retail stores and specialty stores throughout the United States and has achieved an international reputation based on the quality and innovation of its products.

11. On or about September 15, 1998, P. Wyers filed a patent application, Serial No. 09/153,955, entitled Locking Device in the United States Patent and Trademark Office.  This application claimed the benefit of provisional application No.

60/058,955 filed September 16, 1997, and the application matured to issue as United States Letters Patent No. 6,055,832 on May 2, 2000 (the "'832 Patent"). A true and correct copy of the '832 Patent is attached hereto as Exhibit A.

12. The '832 Patent generally relates to a locking device that includes a shackle member and a key operable locking head that is lockably fastened onto a latch portion of the shackle member. It is used, for example, as a receiver lock to connect a trailer hitch to a receiver box.

13. Receiver locks are sometimes referred to as lockable hitch pins.

14. On or about April 24, 2000, P. Wyers filed a patent application, Serial No. 09/556,637, entitled Locking Device With Convertible Shank in the United States Patent and Trademark Office. This application was published on June 20, 2002 as US 2002/0073746, and it matured to issue as United States Letters Patent No. 6,672,115 B2 on January 6, 2004 (the "'115 Patent"). A true and correct copy of the '115 Patent is attached hereto as Exhibit B.

15. The '115 Patent generally relates to a locking device that includes a shackle member, one or more removable shackle shank sleeve members and a locking head that is lockably fastened onto a latch portion of the shackle member. It is used, for example, as a receiver lock to connect a trailer hitch to a receiver box. The '115 Patent also relates to a locking hitch system wherein two hitch bars and two hitch receivers having differently sized apertures are secured by such locking device.

16. On or about January 6, 2004, P. Wyers filed a patent application, Serial No. 10/752,931, entitled Locking Device With Convertible Shank Including Locking


Method Thereof in the United States Patent and Trademark Office.  This application was a divisional application of Serial No. 09/556,637, above, that published on June 20, 2002 as US 2002/0073746, and it was itself published on July 22, 2004 as US 2004/0139771.  This divisional application matured to issue as United States Letters Patent No. 7,165,426 on January 23, 2007 (the "'426 Patent").  A true and correct copy of the '426 Patent is attached hereto as Exhibit C.

17.   The '426 Patent generally relates to methods for varying the diameter of the linear shank to adapt the locking device to variable sized apertures in components to be locked, for example, in locking hitch pin applications.

18.   Formerly, Wyers Products was the exclusive licensee of the '832 Patent, and Wyers Products currently is the exclusive licensee to the '115 Patent and '426 Patent by virtue of an oral license from P. Wyers.

19.   Wyers Products has marketed locking devices in the form of receiver locks under patent application Serial No. 09/153,955, and, after issue, under the '832 Patent.  These receiver locks are sold, for example, under the names TRIMAX Model #T3 and TRIMAX Model #SXT3 (the "Wyers Receiver Locks").

20.   At all times subsequent to the filing of the subject application, Wyers Products has properly marked the Wyers Receiver Locks with the notice of "Patent Pending" (when applicable) or with United States Patent No. 6,055,832.

21.   Wyers Products has marketed locking devices in the form of receiver locks with a convertible shank under patent application Serial No. 09/556,637, and, after issue, under the '115 Patent.  These receiver locks are sold, for example, under the

names TRIMAX Model #TS32 and TRIMAX Model #SXTS32 (the "Wyers Convertible Shank Locks").

22. At all times subsequent to the filing of the subject application, Wyers Products has properly marked the Wyers Convertible Shank Locks with the notice of "Patent Pending" (when applicable) or with United States Patent No. 6,672,115.

23. In 2001, Wyers and Wyers Products sued Master Lock for infringement of the '832 Patent in the United States District Court for the District of Colorado (Civil Action No. 01-B-2257). This litigation was settled on or about January, 2003.

24. Pursuant to the settlement of the above-referenced litigation in January, 2003, Wyers and Master Lock entered into a License Agreement wherein Master Lock was licensed under specific claims of the '832 Patent to produce certain locking devices which were defined as "Barbell Locks". The Barbell Locks included a hitch pin having a shank and a locking head with an O-ring seal disposed inside of the locking head to seal against the hitch pin shank.

### IV.     Claims For Relief

**First Claim For Relief**
**(Infringement of U.S. Patent No. 6,055,832)**

25. This is a claim against Master Lock for patent infringement and inducement of patent infringement under 35 U.S.C. §271. Plaintiffs re-allege and adopt by reference the allegations set forth in Paragraphs 1-22 of their Complaint above.

26. Upon information and belief, Master Lock began phasing out its former Barbell Locks sometime in 2005 and introduced different locking devices under similar

Product Numbers.  These include, for example, locking devices sold under the Master Lock Product Numbers 375DAT, 1377DATSC, 1473DAT, 1473KA, 1479DAT, 1480DAT and 1480KA, and possibly others (the "Redesigned Locking Devices").

27.     The Redesigned Locking Devices replace the O-ring seal inside of the locking head with a seal formed by a skirt that is secured to an outer portion of the locking head and that has an inwardly projecting flange that seals against the shank of the hitch pin.

28.     The Redesigned Locking Devices are not "Barbell Locks" for which Master Lock is licensed under the '832 Patent.

29.     The Redesigned Locking Devices directly compete with the Wyers Receiver Locks.

30.     The Redesigned Locking Devices directly infringe the '832 Patent or otherwise infringe the '832 Patent under the doctrine of equivalents.

31.     Master Lock has induced others to infringe the '832 Patent by selling, and/or offering for sale the Redesigned Locking Devices.

32.     As a result of these infringements, Plaintiffs have suffered monetary damage in an amount to be determined at trial.

33.      As a result of these continuing infringements, Plaintiffs have suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law.

34.     The infringing acts of Master Lock have been willful and wanton and are in reckless disregard of Plaintiffs' rights, entitling Plaintiffs to a trebling of their damages

under 35 U.S.C. §284 for the infringements and making this an exceptional case under 35 U.S.C. §285.

## Second Claim For Relief
### (Infringement of U.S. Patent No. 6,672,115)

35. This is a claim against Master Lock for patent infringement and inducement of patent infringement under 35 U.S.C. §271. Plaintiffs re-allege and adopt by reference the allegations set forth in Paragraphs 1-32 of their Complaint above.

36. Since June 20, 2002, the date of publication of the application that matured into the '115 Patent, and continuing since January 6, 2004, the date that the '115 Patent was issued, Master Lock has been marketing products with a convertible shank. These include, for example, locking devices sold under the Master Lock Product Numbers 1377DATSC, 1473DAT, 1473KA, 1479DAT, 1480DAT, 1480KA, and possibly others (the "Master Lock Convertible Shank Locks").

37. The Master Lock Convertible Shank Locks directly compete with the Wyers Convertible Shank Locks.

38. The Master Lock Convertible Shank Locks directly infringe the '115 Patent or otherwise infringe the '115 Patent under the doctrine of equivalents.

39. Master Lock has induced others to infringe the '115 Patent by selling, and/or offering for sale the Master Lock Convertible Shank Locks.

40. As a result of these infringements, Plaintiffs have suffered monetary damage in an amount to be determined at trial.

41. As a result of these continuing infringements, Plaintiffs have suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law.

42. The infringing acts of Master Lock have been willful and wanton and are in reckless disregard of Plaintiffs' rights, entitling Plaintiffs to a trebling of their damages under 35 U.S.C. §284 for the infringements and making this an exceptional case under 35 U.S.C. §285.

### Third Claim For Relief
### (Infringement of U.S. Patent No. 7,165,426)

43. This is a claim against Master Lock for patent infringement and inducement of patent infringement under 35 U.S.C. §271. Plaintiffs re-allege and adopt by reference the allegations set forth in Paragraphs 1-42 of their Complaint above.

44. Since June 20, 2002, the date of publication of US 2002/0073746, and specifically since July 22, 2004, the date of publication of the application that matured into the '426 Patent, and continuing since January 23, 2007, the date that the '426 Patent was issued, Master Lock has been marketing products with a convertible shank. These include, for example, the Master Lock Convertible Shank Locks.

45. The Master Lock Convertible Shank Locks directly compete with the Wyers Convertible Shank Locks.

46. Upon information and belief, Master Lock has used The Master Lock Convertible Shank Locks in a manner that directly infringes the '426 Patent or otherwise infringe the '426 Patent under the doctrine of equivalents.

47.     Master Lock has marketed the Master Lock Convertible Shank Locks with instructions telling customers to use them in a manner that directly infringes the '426 Patent or otherwise infringe the '426 Patent under the doctrine of equivalents. This marketing induces others to infringe the '426 Patent by using the Master Lock Convertible Shank Locks in an infringing manner.

48.     As a result of these infringements, Plaintiffs have suffered monetary damage in an amount to be determined at trial.

49.      As a result of these continuing infringements, Plaintiffs have suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law.

50.     The infringing acts of Master Lock have been willful and wanton and are in reckless disregard of Plaintiffs' rights, entitling Plaintiffs to a trebling of their damages under 35 U.S.C. §284 for the infringements and making this an exceptional case under 35 U.S.C. §285.

**WHEREFORE**, Plaintiffs, P. Wyers and Wyers Products request:

A.      That this Court enter a permanent injunction against Defendant, Master Lock, and its officers, agents, servants, employees, successors, assigns, and all holding with, through or under them or acting in their behalf enjoining them from: (i) infringing U.S. Patent No. 6,055,832; (ii) infringing U.S. Patent No. 6,672,115; (iii) infringing and inducing others to infringe U.S. Patent No. 7,165,426; and (iv) making, having made, importing, using, selling, or offering for sale any of the Redesigned Locking Devices, Master Lock Convertible Shank Locks, or any colorable imitations of any such locks.

B.     That Defendant Master Lock be required to account for its sales of products that infringe U.S. Patent No. 6,055,832 and that Plaintiffs be awarded monetary damages from Master Lock in an amount equal to the greater of Wyers Products' lost profits or a reasonable royalty pursuant to 35 U.S.C. §284 and that these damages be trebled pursuant to 35 U.S.C. §284.

C. That Defendant Master Lock be required to account for its sales of products that infringe U.S. Patent No. 6,672,115 and that Plaintiffs be awarded monetary damages from Master Lock in an amount equal to the greater of Wyers Products' lost profits or a reasonable royalty pursuant to 35 U.S.C. §284 and, if applicable, pursuant to 35 U.S.C. §154(d), and that, to the extent permitted by law, these damages be trebled pursuant to 35 U.S.C. §284.

D.  That Defendant Master Lock be required to account for its sales of products that infringe U.S. Patent No. 7,165,426 and that Plaintiffs be awarded monetary damages from Master Lock in an amount equal to the greater of Wyers Products' lost profits or a reasonable royalty pursuant to 35 U.S.C. §284 and, if applicable, pursuant to 35 U.S.C. §154(d), and that, to the extent permitted by law, these damages be trebled pursuant to 35 U.S.C. §284.

E. That Plaintiffs be awarded their reasonable attorneys' fees under 35 U.S.C. §285.

F.     That this Court award Plaintiffs their costs and disbursements in this action, including its expert witness fees.

G. That this Court award Plaintiffs interest including prejudgment interest and such other and further relief as the Court shall deem just and proper.

Plaintiffs demand a trial by jury.

Dated this 14th day of May, 2007.

                Respectfully submitted,

                __s/Timothy J. Martin_____
                Timothy J. Martin, #9,083
                Michael R. Henson, #26,385
                Attorneys for Plaintiff
                ***Martin & Henson, P.C.***
                9250 W. 5th Avenue, Suite 200
                Lakewood, Colorado 80226
                (303) 232-3388

Plaintiffs' addresses:

Philip W. Wyers
14705 East Aberdeen Avenue
Centennial, Colorado  80016

Wyers Products Group, Inc.
6770 South Dawson Circle, Suite 200
Centennial, Colorado  80112

## CERTIFICATE OF SERVICE

I hereby certify that upon this 14th day of May, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Jonathan H. Margolies
Joseph T. Miotke
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
jhmargolies@michaelbest.com

Christopher P. Beall
*Faegre & Benson LLP*
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cbeall@faigre.com; treed@faegre.com

**s/Timothy J. Martin**