IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00619-LTB-MJW

PHILIP W. WYERS, a Colorado resident, and
WYERS PRODUCTS GROUP, INC., a Colorado corporation,
    Plaintiffs,

v.

MASTER LOCK COMPANY, a Delaware corporation,
    Defendant.

## FINAL PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The Final Pretrial Conference took place on March 4, 2008 at **8:30 a.m.** Appearances were as follows:

For the Plaintiffs, Philip W. Wyers and Wyers Products Group, Inc.:

Timothy J. Martin
TIMOTHY J. MARTIN, P.C.
9250 West 5th Avenue
Suite 200
Lakewood, CO 80226
(303) 232-3388

For the Defendant, Master Lock Corporation:

Jonathan H. Margolies
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue, Suite 3300
Milwaukee, WI 53202
(414) 271-6560

and

Christopher P. Beall
LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.
1888 Sherman Street
Suite 370
Denver, CO 80203
(303) 376-2400

## 2. JURISDICTION

Federal jurisdiction is based on 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1338(a), and 28 U.S.C. §§ 1331 and 1332.

## 3. CLAIMS AND DEFENSES

a.   **Plaintiffs' Claims:**

Plaintiff, Wyers Products Group. Inc. ("Wyers Products"), is a Colorado Corporation that manufacturers and distributes a variety of locking devices particularly directed to the trailer hitch industry. Plaintiff, Philip W. Wyers ("Wyers") is a resident of the State of Colorado and is the owner and the president of Wyers Products.

On May 2, 2000, Wyers was granted U.S. Patent No. 6,055,832 (the "'832 Patent") entitled Locking Device, and on January 6, 2004, Wyers was granted U.S. Patent No. 6,672,115 on (the "'115 Patent"). The '832 Patent generally relates to a locking device that includes a shackle member and a key operable locking head that is lockably fastened onto a latch portion of the shackle member. It is used, for example, as a receiver lock to connect a trailer hitch to a receiver box. The '115 Patent also generally relates to a locking device that may be used as a receiver lock, and it includes a shackle member, one or more removable shackle shank sleeve members and a locking head that is lockably fastened onto a latch portion of the shackle member.

This is not the first lawsuit by Wyers/Wyers Products against Master Lock for infringement of the '832 Patent. Previously in 2001, Wyers/Wyers Products sued Master Lock

for infringement of the '832 Patent in the United States District Court for the District of Colorado (Civil Action No. 01-B2257). In settlement of that litigation, Wyers licensed Master Key under specific claims of the '832 Patent to produce certain locking devices which were defined as "Barbell Locks". Wyers Products remains licensed under the '832 Patent, and Wyers Products is the exclusive licensee to the '115 Patent by virtue of an oral license from Wyers.

Sometime in about 2005, Master Lock began phasing out its former Barbell Locks and introduced different locking devices under identical or similar Product Numbers (the "Redesigned Locking Devices"). Master Lock stopped paying royalties for sales of these Redesigned Locking Devices. Nonetheless, the Redesigned Locking Devices directly infringe the '832 Patent or otherwise infringe the '832 Patent under the doctrine of equivalents. Master Lock has induced others to infringe the '832 Patent by selling, and/or offering for sale the Redesigned Locking Devices.

Master Lock also markets receiver lock products with a convertible shank (the "Master Lock Convertible Shank Locks"). The Master Lock Convertible Shank Locks directly infringe the '115 Patent or otherwise infringe the '115 Patent under the doctrine of equivalents. Master Lock has induced others to infringe the '115 Patent by selling, and/or offering for sale the Master Lock Convertible Shank Locks. Plaintiff also asserts that Master Lock has infringed upon US Patent Nos. 7,165,426 and 7,225,649.

Wyers/Wyers Products have been monetarily damages by these infringements and have suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Wyers/Wyers Products assert that the infringing acts of Master Lock have been willful and wanton and are in reckless disregard of their rights, entitling them to a trebling of their damages

under 35 U.S. C. § 284 for the infringements and making this an exceptional case under 35 U.S. C. § 285.

### b. Defendant's Defenses:

Defendant denies that they have infringed the asserted claims of Plaintiffs' patents. In addition, Defendant asserts the following affirmative defenses:

1. Plaintiffs' claims are barred by the doctrine of laches.

2. The asserted claims of U.S. Patent Nos. 6,055,832 ("'832 Patent"); 6,672,115 ("'115 Patent"); 7,165,426 ("'426 Patent") and 7,225,649 ("'649 Patent") are invalid as anticipated under 35 U.S.C § 102 and/or obvious under 35 U.S.C. § 103.

3. The asserted claims of the '832, '115 and '426 Patents are invalid due to the on-sale bar.

4. The asserted claims of the '649 patent are invalid under 35 U.S.C. § 102(g) as having been invented by another before the invention by Wyers, and not abandoned, suppressed or concealed.

5. The '426 Patent is unenforceable due to inequitable conduct by Wyers in obtaining the patent due to his failure to disclose known facts about the Master Lock 37D lock, and by intentionally misrepresenting that prior art to the Patent Office.

6. Plaintiffs have failed to prove contributory infringement.

7. Plaintiffs have failed to prove inducing infringement.

8. Master Lock did not willfully infringe the asserted claims of the Patents because it relied upon the advice of counsel.

9. Master Lock is entitled to its attorneys' fees and costs pursuant to 35 U.S.C. § 285.

## 4. STIPULATIONS

The following stipulations were reached by the parties in their prior Scheduling Order and are repeated here:

1. Plaintiff, Philip W. Wyers ("Wyers") is a resident of the State of Colorado living at 14705 East Aberdeen Avenue, Centennial, Colorado 80016.

2. Plaintiff, Wyers Products Group, Inc. ("Wyers Products"), is a Colorado Corporation having its principal place of business at 6770 South Dawson Circle, Suite 200, Centennial, Colorado 80112.

3. Wyers is the owner and the president of Wyers Products.

4. Defendant, Master Lock Company ("Master Lock"), is a Delaware corporation having its principal place of business at 137 West Forest Hill Avenue, Oak Creek, Wisconsin 53154.

5. U.S. Patent No. 6,055,832 ("'832 Patent") entitled "Locking Device" issued May 2, 2000 from patent application, Serial No. 09/153,955, which claimed the benefit of provisional application No. 60/058,955 filed September 16, 1997.

6. U.S. Patent No. 6,672,115 B2 ("'115 Patent") entitled "Locking Device With Convertible Shank" issued on January 6, 2004 from patent application, Serial No. 09/556,637, which was published on June 20, 2002 as US 2002/0073746.

7. U.S. Patent No. 7,165,426 B2 ("'426 Patent") entitled "Locking Device With Convertible Shank Including Locking Method Thereof" issued on January 23, 2007 from patent application, Serial No. 10,752,931 which was published on July 22, 2004 as US 2004/0139771 and was a divisional application of Serial No. 09/556,637, above, published on June 20, 2002 as US 2002/0073746.

8.  U.S. Patent No. 7,225,649 B2 ("'649 Patent") entitled "Locking Device Having Flange Seal" issued on June 5, 2007 from patent application, Serial No. 10/773,878 which was published on January 6, 2005 as US 2005/0000255 A1 and claimed the benefit of provisional application No. 60/446,055 filed on February 7, 2003.

## 5. PENDING MOTION

The following two motions are currently pending: (1) Master Lock's Motion for Partial Summary Judgment of Non-Infringement and Invalidity, filed on February 15, 2008 (Docket No. 106), and (2) Plaintiffs' Request for Relief from Certain Deadlines, filed on March 31, 2008 (Docket No. 133).

## 6. WITNESSES

a.  Non-expert witnesses

   **Plaintiffs'** non-expert witnesses:

   (1)  Witnesses who will be present at trial:

   Philip Wyers

   (2)  Witnesses who may be present at trial if the need arises:

   Timothy Martin

   (3)  Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

   (a)  None

b.  **Defendant's** non-expert witnesses:

   (1)  Witnesses who will be present at trial:

   (a)  Paul Peot

    (b) Chris Irgens

    (c) Phil Wyers

  (2) Witnesses who may be present at trial if the need arises:

    (a) Bill Edwards

    (b) Timothy Martin

  (3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

    (a) None

b. Expert witnesses

 **Plaintiffs'** expert witnesses:

 (1) Witnesses who will be present at trial:

  David A. Hall[1]

 (2) Witnesses who may be present at trial if the need arises:

  Experts to rebut Defendants' Experts

 (3) Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

  None.

 **Defendant's** expert witnesses:

 (1) Witnesses who will be present at trial:

  (a) Brian Costley

---

[1] Plaintiffs acknowledge that the deadline to disclose David Hall as an expert for Plaintiffs has passed. Plaintiff has requested relief from this deadline in its Request for Relief from Certain Deadlines, which Defendant opposes.

7

        (b)      Vincent Thomas

(2)      Witnesses who may be present at trial if the need arises:

        (a)      None

(3)      Witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony:

        (a)      None

## 7. EXHIBITS

Plaintiffs list of proposed exhibits is attached. Defendant's list of proposed exhibits is attached. Copies of listed exhibits must be provided to opposing counsel no later than five (5) days after the final pretrial conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served (by hand delivery of facsimile) no later than eleven (11) days after the exhibits are provided.

## 8. DISCOVERY

While discovery has been completed, Plaintiff is seeking relief to depose Defendants' expert witnesses.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

a.      Counsel for the parties met **in person** with Judge Watanabe on December 6, 2006 and October 25, 2007 to discuss in good faith the settlement of the case.

b.      The participants in the settlement conference included counsel and party representatives.

   c.   The parties were promptly informed of all offers of settlement.

   d.   Counsel for the parties party have no current plans to hold future settlement conferences.

   e.   It appears from the discussion by all counsel that there is some possibility of settlement.

   d.   No settlement conference before the magistrate judge or other alternative dispute resolution method is currently scheduled. The parties may request a further settlement conference by motion.

   e.   Counsel for the parties considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

Counsel acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsels have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

The trial in this matter shall be to **a jury** and is scheduled as a **1 week** trial before the Honorable Judge Lewis Babcock, District Court Judge, United States District Court for the District of Colorado. Trial Preparation Conference set on September 10, 2008 at 8:00 a.m. Jury Trial (5 days) set on October 6, 2008 at 8:30 p.m.

Dated This 3rd Day of April 2008.
Dated *nunc pro tunc* March 4, 2008.

BY THE COURT:

Michael J. Watanabe
United States Magistrate Judge
District of Colorado

**APPROVED:**

Dated (*nunc pro tunc*):  March 4, 2008

                              By:  s/Michael P. Dulin
                                    Michael P. Dulin
                                    Michelle Pinkowski
                                    William Slamkowski
                                    Thomas Osborne
                                    HENSLEY KIM & HOLZER, LLC
                                    1600 Lincoln Street
                                    Suite 3000
                                    Denver, CO  80238
                                    Ph: 303.377-0770
                                    Fax: 303.377.0777

                                    *Attorneys for Plaintiffs*
                                    *Philip W. Wyers and Wyers Products*
                                    *Group, Inc.*


                              By:  s/Christopher P. Beall
                                    Christopher P. Beall
                                    LEVINE SULLIVAN KOCH &
                                    SCHULZ, L.L.P.
                                    1888 Sherman Street
                                    Suite 370
                                    Denver, Colorado  80203
                                    Ph: 303.376.2400

                                    Jonathan H. Margolies
                                    Katherine W. Schill
                                    MICHAEL BEST & FRIEDRICH LLP
                                    100 East Wisconsin Avenue
                                    Suite 3300
                                    Milwaukee, WI  53202-4108
                                    Ph: 414.271.6560
                                    Fax: 414.277.0656

                                    *Attorneys for Defendant*
                                    *Master Lock Company*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 2nd day of April, 2008, a true and correct copy of the **FINAL PRE-TRIAL ORDER** was filed via ECF/CM and addressed to the following:

Timothy J. Martin, Esq. (tim@tjmlaw.com)
Law Offices of Timothy J. Martin, P.C.
9250 West Fifth Avenue, Suite 200
Lakewood, CO 80226

Christopher Beall
Levine Sullivan Koch & Schulz, LLP
1888 Sherman St., Ste. 370
Denver, CO 80203

                                                s/Linda Germanson