IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00619-LTB-MJW

PHILIP W. WYERS, et al.,

Plaintiffs,

v.

MASTER LOCK COMPANY,

Defendant.

---

**ORDER REGARDING
PLAINTIFFS' REQUEST [MOTION] FOR RELIEF FROM CERTAIN DEADLINES
(DOCKET NO. 133)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Request [motion] for Relief from Certain Deadlines (docket no. 133). The court has reviewed the motion, response (docket no. 140), and reply (docket no. 146). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to

be heard;

3. That venue is proper in the state and District of Colorado;

4. That Plaintiffs request in the subject motion (docket no. 133) that this court allow Plaintiffs to submit their expert damage report and to designate a damage expert at this late stage of the proceedings;

5. That Plaintiffs request in the subject motion (docket no. 133) that this court allow Plaintiffs to depose Defendant's experts at this late stage of the proceedings;

6. That Plaintiffs request in the subject motion (docket no. 133) that this court allow Plaintiffs to serve Defendant with answers to the Defendant's Request for Admissions even though the time to respond to such Request for Admissions has long since expired;

7. That discovery has been closed for over three months;

8. That the deadline to file dispositive motions was February 15, 2008, and has expired;

9. That a Final Pretrial Conference has already taken place, and a Final Pretrial Order was entered by Magistrate Judge Watanabe on March 4, 2008. A Trial Preparation Conference is set before Judge Babcock on September 10, 2008, and the Jury Trial is set before Judge Babcock on October 6, 2008;

10. That Plaintiffs chose not to use a damages expert. *See* statements made by Plaintiffs' former counsel, Timothy Martin, to the court during the hearing before this court on December 13, 2007, and

3

also the deposition testimony by Plaintiff Phillip W. Wyers. When Defendant raised the concern at the December 13, 2007, hearing that Plaintiffs would file a "rebuttal report" on damages after Defendant served its own damage report, Magistrate Judge Watanabe made it clear that Plaintiffs could not sneak in through the "back door what [they can't] bring in the front door." *See* Transcript from December 13, 2007, hearing;

11. That Plaintiffs knowingly decided not to answer Defendant's Request for Admissions;

12. That the Rule 16 Scheduling Order and previous extensions of such Order have given both sides adequate time to take discovery in this case;

13. That Magistrate Judge Watanabe has previously allowed Plaintiffs to file a response to Defendants's Motion for Partial Summary Judgment of Non-Infringement and Invalidity (docket no. 106);

14. That Plaintiffs have filed their response (docket no. 142) to Defendants's Motion for Partial Summary Judgment of Non-Infringement and Invalidity (docket no. 106), and such motion is ripe for ruling before Judge Babcock;

15. That Plaintiffs knowingly decided not to submit an expert report on damages and knowingly decided not to endorse an expert on damages;

16. That Plaintiffs have failed to establish "excusable neglect" or "good

cause" for this court to re-open discovery in this case;

17. That at the eleventh hour, Plaintiffs now want to change their litigation strategy to the detriment of the Defendant, noting that Defendant has already spent $72,000 in expert fees, plus attorney time, on a damages report that may be rendered worthless if this court were to allow Plaintiffs to re-open discovery and to endorse a damage expert at this late stage of the proceedings. Defendant has established that severe prejudice would be incurred if this court allows the relief requested in the subject motion (docket no. 133); and,

18. That for the reasons stated above, this subject motion (docket no. 133) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiffs' Request [motion] for Relief from Certain Deadlines (docket no. 133) is **DENIED**;

2. That each party shall pay their own attorney fees and costs.

Done this 29th day of April 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE