IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-00619-LTB

PHILIP W. WYERS, a Colorado resident, and,
WYERS PRODUCTS GROUP, INC., a Colorado corporation,

    Plaintiff,

v.

MASTER LOCK COMPANY, a Delaware corporation,

    Defendant.
_____

# ORDER
_____

    In this patent infringement case, Plaintiffs, Philip W. Wyers and Wyers Products Group, Inc., assert that Defendant, Master Lock Company ("Master Lock"), infringed upon four of Plaintiffs' patents: U.S. Patent Nos. 6,055,832 (the "'832 patent"); 6,672,115 (the "'115 patent"); 7,165,426 (the "'426 patent"); and 7,225,649 (the "'649 patent"). The matter is now before me on Master Lock's motion for summary judgment of non-infringement of the '649 patent, raised for the first time in Master Lock's Reply Brief in Support of its Motion for Summary Judgment of Non-infringement and Invalidity [**Docket # 156**].

    As noted in my (now initial) Markman Order in this case [**Docket # 103**], the papers did not make entirely clear which claim terms were actually in dispute. Indeed, the lack of common terms among the parties' brief suggested the parties had implicitly stipulated to most of the "disputed" terms' meaning. From my experience, I would have expected seasoned patent counsel to have prepared a joint claims chart delineating the agreed claim terms to be construed. Despite my apprehension, I issued the Markman Order—construing only those few terms briefed by the parties. The present motion aptly demonstrates the cause of my concern. Master Lock

now moves for summary judgment on the basis of a claim term—"an entryway sized and adapted to mate with said latch portion"—that was neither briefed by the parties in their Markman briefs nor construed by this Court in the Markman Order.

Courts analyze infringement claims by applying a two-step process. *See Smiths Indus. Med. Sys., Inc. v. Vital Signs, Inc.*, 183 F.3d 1347, 1353 (Fed. Cir. 1999); *Reinshaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1247 (Fed. Cir. 1998). At the initial step, it is necessary to construe the asserted claims to determine their scope and meaning. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995). Because the meaning of "an entryway sized and adapted to mate with said latch portion" was never briefed, it was not construed in my prior Markman Order. Thus, I am unable at this time to complete the second step of an infringement inquiry—namely, comparing the construed claims to the challenged patent or allegedly infringing device. *See id*.

Accordingly, Master Lock's motion for summary judgment of non-infringement of the '649 patent [**Docket # 156**] is HELD IN ABEYANCE pending additional briefing. The parties shall have twenty days from the date of this order to simultaneously brief the construction of the term "an entryway sized and adapted to mate with said latch portion" and any other term necessary for the adjudication of the present motion.


Dated: June   18   , 2008.
                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        Lewis T. Babcock, Judge