IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-00619-LTB

PHILIP W. WYERS, a Colorado resident, and,
WYERS PRODUCTS GROUP, INC., a Colorado corporation,

    Plaintiff,

v.

MASTER LOCK COMPANY, a Delaware corporation,

    Defendant.
_____

# ORDER
_____

This patent infringement case is before me on Defendant, Master Lock Company's ("Master Lock"), Motion for Judgment as a Matter of Law Regarding the Date of Conception for the '649 Patent Claim [**Docket # 275**], and Plaintiffs, Philip W. Wyers and Wyers Products Group, Inc.'s (collectively "Wyers"), Response [**Docket # 277**]; and Wyers's Motion for Judgment as a Matter of Law Dismissing Master Lock's Claim for Prior Inventorship [**Docket # 278**]. A hearing on these motions was held on March 10, 2009. For the reasons stated on the record at the hearing and further described below, and based upon the arguments made at the hearing as well as the papers and the case file, I find and conclude as follows.

## I. Master Lock's Motion for Judgment as a Matter of Law Regarding the Date of Conception for the '649 Patent Claim [Docket # 275]

Master Lock moves the Court pursuant to FED. R. CIV. P. 50(a)(2) for an order entering judgment as a matter of law that the conception date for U.S. Patent No. 7,225,649 (the "'649 patent") is no earlier than February 7, 2003—the date the provisional patent application relating

to the '649 patent was filed. Rule 50(a) allows a district court to enter judgment as a matter of law against a party when that party has been fully heard on an issue and there was no evidence introduced that could allow the jury to find in that party's favor. *See Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003).

At trial, Mr. Wyers testified that he sent drawings to his draftsman on June 19, 2000, illustrating a flat flange structure that forms a seal with the shackle member when the latch portion of the shackle member is inserted into the locking head. Wyers submitted a copy of the drawings, which was introduced into evidence as Trial Exhibit 139. The first page of the letter is dated June 19, 2000, and shows a barbell-shaped lock with a smooth chrome finish and a black cap. The second page—which is undated—shows a similarly shaped lock that includes dual plastic covers on the stop portion and locking head of the lock. The plastic cover covering the locking head is illustrated to either "seal w/ o-ring" or "w/ tight tolerance w/ no o-ring, but sight water seal based on tight clearance." Mr. Wyers also testified that the flange seal indicated on the June 19, 2000, drawing was represented in another drawing included in his application for a design patent filed on July 6, 2000. *See* Trial Exhibit 153. Master Lock argues that Mr. Wyers's testimony is insufficient as a matter of law to show the date of inventorship to be earlier than February 7, 2003. I disagree.

It is well-established that the law presumes a patented invention to be conceived on the date the patent application is filed, unless the inventor can prove invention on an earlier date. *See Hyatt v. Boone*, 146 F.3d 1348, 1352 (Fed. Cir. 1998). To carry that burden of proof, the inventor must establish a complete conception of each element of the claimed invention as of the earlier alleged date. *See Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1263 (Fed. Cir.

2

2002). "Inventor testimony alone is insufficient to prove conception; some form of corroboration must be shown." *Id.*

"A 'rule of reason' analysis is applied to determine whether the inventor's prior conception testimony has been corroborated." *Price v. Sumsek*, 988 F.2d 1187, 1195 (Fed. Cir. 1993). Where an inventor submits physical evidence in support of his testimony—such as a time-verified drawing—additional corroboration is not necessary. *See id.* at 1195–96. In such cases—although the jury remains free to conclude the drawing does not show the invention claimed—judgment as a matter of law is inappropriate. *See Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996).

Here, it is beyond dispute that the illustrations submitted in connection with the design patent were prepared no later than July 6, 2000. The illustrations closely track the drawings allegedly made by Mr. Wyers on June 19, 2000. While the jury is free to conclude that the illustrations submitted in connection with the design patent do not describe the flat flange seal covered by the '649 patent—or that the alleged June 19, 2000, drawings were not prepared in conjunction with the design patent—the jury could also properly resolve these issues in favor of Wyers. Judgment under Rule 50(a) is therefore denied. *See Century 21*, 315 F.3d at 1278.

## II. Wyers's Motion for Judgment as a Matter of Law Dismissing
## Master Lock's Claim for Prior Inventorship [Docket # 278]

At trial, Master Lock submitted its own exhibit—Trial Exhibit G-1—as evidence of prior conception of the flat flange seal. Trial Exhibit G-1 is a fax sent from Master Lock's patent counsel on July 22, 2002, purportedly describing each element of the '649 patent. As noted at the hearing, however—and supported by the testimony of Master Lock's witnesses Mr. Costely

and Mr. Irgens—Trial Exhibit G-1 does not include a reference to a flat flange seal. Instead, Exhibit G-1 explicitly includes a description of a seal that I have previously noted to be "an external seal that appears similar to the external seal on the '649 patent, but with a flange portion of the seal extending along the shank of the shackle." *See* Order, May 22, 2008, at *20 [**Docket # 168**]. As I have previously determined the seal described in Trial Exhibit G-1 to be something other than the flat flange seal described in the '649 patent—a determination the validity of which is not challenged—the law of the case doctrine mandates a similar finding here. *See Toro Co. v. White Consol. Indus., Inc.*, 383 F.3d 1326, 1335 (Fed. Cir. 2004).

### III. Conclusion

Accordingly, IT IS ORDERED as follows:

1.  Master Lock's Motion for Judgment as a Matter of Law Regarding the Date of Conception for the '649 Patent Claim [**Docket # 275**] is DENIED;

2.  Wyers's Motion for Judgment as a Matter of Law Dismissing Master Lock's Claim for Prior Inventorship [**Docket # 278**] is GRANTED.


Dated: March   11  , 2009.

            BY THE COURT:

              s/Lewis T. Babcock
            Lewis T. Babcock, Judge