**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 06-cv-00619-LTB

PHILIP W. WYERS, a Colorado resident, and,
WYERS PRODUCTS GROUP, INC., a Colorado corporation,

      Plaintiff,

v.

MASTER LOCK COMPANY, a Delaware corporation,

      Defendant.

_____

**ORDER**
_____

In this patent infringement case, Plaintiffs, Philip W. Wyers and Wyers Products Group,

Inc. (collectively "Wyers"), asserted that Defendant, Master Lock Company ("Master Lock"),

infringed upon four of Plaintiffs' patents: U.S. Patent Nos. 6,055,832 (the "'832 patent");

6,672,115 (the "'115 patent"); 7,165,426 (the "'426 patent"); and 7,225,649 (the "'649 patent").

The '832 patent covers a barbell-shaped lock intended for locking a trailer hitch onto a motor

vehicle, with a seal mounted within the locking end of the barbell that prevents the ingress of dirt

or other matter into the locking mechanism.  The '115 patent covers a similar lock with a

removable sleeve on the shank so as to allow the lock to be used to lock together objects with

various sized apertures.  The '426 patent covers a method for providing a lock with a removable

sleeve on the shank.  The '649 patent covers a lock similar to that covered by the '832 patent, but

with a sealing cover affixed to the outside of the locking head.  Issues relating to infringement

and validity of the '832 patent were disposed of before trial.

This matter was tried to a jury over nine days beginning on March 2, 2009.  At the close

of evidence, the Court granted Wyers's motions for judgment as a matter of law on their infringement claims.  The question of obviousness of the remaining disputed claims—claims 15, 19, 21, and 24 of the '115 patent; claim 1 of the '426 patent; and claims 1, 9, and 11 of the '649 patent—was submitted to the jury.  The jury found Master Lock failed to show the claims were obvious by clear and convincing evidence and awarded Wyers $5,350,000 in damages as a reasonable royalty.  The jury's verdict of nonobviousness is now upheld by this Court.

This case is now before me on Wyers's Motion for Attorney Fees [**Docket # 296**], Master Lock's Response [**Docket # 310**], and Wyers's Reply [**Docket # 315**].  Oral argument would not materially assist the determination of this motion.  After consideration of the motion, the papers, and the case file, and for the reasons stated below, I DENY Wyers's Motion for Attorney Fees [**Docket # 296**].

## I.  STANDARD OF REVIEW

The public interest requires that there be a real opportunity to test the grants made by the Patent Office without fear of excessive penalty.  *See Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1560 n.7 (Fed. Cir. 1983) (citations omitted).  Accordingly, patent law provides that the Court may award reasonable attorney fees to the prevailing party only in exceptional circumstances.  *See* 35 U.S.C. § 285.

When considering a request for an award of attorney fees in a patent infringement case, I must undertake a two-step inquiry.  *See Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380 (Fed. Cir. 2005).  First, I must determine if there is clear and convincing evidence that the case is exceptional.  *See id*.  If this first inquiry is met, I then determine whether an award of attorney fees to the prevailing party is warranted.  *See id*.  Even if a case is exceptional, the

decision to award attorney fees and the amount thereof are within the Court's discretion. *See*

*Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005).

Because I find this case is not exceptional, I need not address the second inquiry.

"Among the types of conduct which can form a basis for finding a case exceptional are

willful infringement, inequitable conduct before the P.T.O., misconduct during litigation,

vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB*

*Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). I consider these factors in the context of

"the closeness of the case, the tactics of counsel, the flagrant or good faith character of the

parties' conduct, and any other factors contributing to imposition of punitive sanctions or to fair

allocation of the burdens of litigation." *Perricone*, 432 F.3d at 1380–81. Although a case may

not be considered exceptional when examined in its individual parts, I may also take a holistic

view of the entire litigation in making my determination. *See Beckman Instruments*, 892 F.2d at

1551–52.

## II.  ANALYSIS

Wyers proffer five arguments in support of their motion for attorney fees. I address each

in turn.

### A.  At the Close of Evidence, Master Lock Confessed Infringement

Throughout the pretrial and trial phases of this litigation, Master Lock maintained its

locks did not infringe Wyers's patents. At the close of evidence, however, Master Lock

conceded that it "had not put up much of a non-infringement case" and conceded infringement.

As it was Wyers's burden to show infringement by a preponderance of the evidence,

Master Lock was entitled to maintain its non-infringement defense even without presenting

witnesses on its behalf.  *See Centricut, LLC v. Esab Group, Inc*., 390 F.3d 1361, 1367 (Fed. Cir.

2004).  Moreover, Wyers never moved for summary judgment—instead responding to Master

Lock's summary judgment motion on the issue by arguing that questions of material fact existed

as to infringement—or otherwise moved to have the infringement issue decided pretrial.  Master

Lock's decision to put Wyers to their burden of proof does not render this case exceptional.

### B.  Master Lock Took Inconsistent Positions on Obviousness

At trial, Wyers introduced evidence showing Master Lock applied for patents covering

the same claims Master Lock challenged as obvious in this case.  Wyers argue Master Lock

acted in bad faith both by taking a position at trial inconsistent with the position taken when

pursuing its own patents and by failing to disclose certain documents created in connection with

the patent applications during discovery.  As noted by Master Lock, a patent defendant is not

estopped from asserting obviousness at trial, even when that same defendant previously filed a

patent application covering the same claimed invention.  *See, e.g., Paramount Publix Corp. v.

American Tri-Ergon Corp.*, 294 U.S. 464, 477 (1935).  To the extent Wyers appear to employ

their motion for attorney fees as a vehicle to revisit their willful infringement claim, Wyers

moved to dismiss that claim with prejudice prior to trial and I will not reconsider it here.

Accordingly, Master Lock's decision to argue the claims were obvious at trial does not amount

to bad faith and does not show by clear and convincing evidence that this an exceptional case.

I turn now to whether Master Lock acted in bad faith by failing to disclose relevant

documents during discovery.  Wyers argue Master Lock concealed two documents—entitled

"Idea Disclosure # 23" and "Idea Disclosure # 26"—that were prepared by Master Lock and

indicated Master Lock believed Wyers's convertible shank and external seal were novel.  The

documents also indicated Master Lock did not consider its previously-invented 37D lock—a

padlock that included an armored sleeve that could slide over a portion of the shank—to be

relevant prior art in the context of a barbell-shaped lock.  Even assuming Master Lock acted

improperly by failing to disclose these documents until shortly before trial—an assumption that

is not necessarily supported by Wyers's motion—improper conduct during discovery generally

will not support a fee award under Section 285 unless the discovery violation would render it

grossly unjust for the prevailing party to pay its own attorney fees.  *See Badalamenti v.*

*Dunham's, Inc.*, 896 F.2d 1359, 1364–65 (Fed. Cir. 1990); *Western Marine Elecs., Inc. v.*

*Furuno Elec. Co.*, 764 F.2d 840, 847 (Fed. Cir. 1985); *see also Arbrook, Inc. v. American Hosp.*

*Supply Corp.*, 645 F.2d 273, 279 (5th Cir. 1981) ("Finally, we reject the contention that the

plaintiffs' alleged improper conduct during discovery supports a fee award.  Assuming such

improprieties took place, the proper remedy lies under FED. R. CIV. P. 37 and not under § 285.").

While Master Lock may have committed discovery violations, these violations were not so

egregious as to render this an exceptional case.

### C.  Master Lock's Prior Inventorship Claim Lacked Merit

Throughout the pretrial and trial phases of this litigation, Master Lock argued the '649

external seal patented by Wyers was invalid because Master Lock had itself invented the seal

seven months before Wyers.  Following witness testimony, I found Master Lock's position to be

unsupported by the evidence and dismissed Master Lock's claim on March 11, 2009 [**Docket #**

**279**].  Wyers argue the dismissal of Master Lock's prior inventorship claim shows the claim was

frivolous.  I disagree.

As made clear in my March 11, 2009, Order, dismissal was based—at least in part—on a

consideration of the factual testimony presented during the trial.  Summary judgment in Wyers's

favor would have been inappropriate pre-trial.  When a prevailing party's motion for summary

judgment would have been denied prior to the taking of evidence, this indicates that the non-

prevailing party's claim—even if ultimately unsuccessful—was not frivolous.  *See FMC Corp. v.*

*Manitowoc Co., Inc.*, 835 F.2d 1411, 1414 (Fed. Cir. 1987); *see also Sulzer Textil A.G. v.*

*Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004) (citing *Beckman Instruments*, 892 F.2d at

1551).  Accordingly, Master Lock's decision to assert a prior inventorship claim does not show

by clear and convincing evidence that this an exceptional case.

D.  Master Lock's Inequitable Conduct Claim Lacked Merit

Master Lock also requested the Court find the '426 patent unenforceable due to

inequitable conduct on Wyers's behalf in front of the Patent Office during prosecution.

Specifically, Master Lock alleged—and the evidence ultimately showed—Wyers altered

documents from Master Lock showing the armored sleeve of the 37D before submitting those

documents to the patent examiner.  As noted at the hearing on this issue on March 5, 2009, the

burden was on Master Lock to show both elements of an inequitable conduct claim—that the

undisclosed information was material and that it was withheld with intent to deceive the patent

examiner—by clear and convincing evidence.  After hearing from witnesses, I determined that

Wyers's omissions "may be some circumstantial evidence" of an intent to deceive, but were "not

sufficient under the heightened clear and convincing evidence standard."  I therefore removed

this claim from the case under Rule 50.  Like the prior inventorship claim, summary judgment in

Wyers's favor would have been inappropriate prior to the taking of evidence at trial.

Accordingly, Wyers likewise fail to show by clear and convincing evidence that Master Lock's

6

decision to assert an inequitable conduct claim makes this an exceptional case.

E.  Master Lock's On-Sale Bar Claim Failed as a Matter of Law

Well before trial, Master Lock moved for summary judgment of invalidity on the '115 and '426 patents.  In part, Master Lock supported its motion with a letter Mr. Wyers sent to a purchasing agent on April 23, 1999—more than one year before the patent applications were filed.  Under 35 U.S.C. § 102(b), an invention is not patentable if it has been offered for sale more than one year prior to the filing of the patent application.  This Court ruled that the letter did not constitute an offer for sale and denied summary judgment on that basis.  *See* Order, May 22, 2008, pp. 18–19.  Wyers argue that Master Lock should have dropped its "on-sale bar" claim at that point, and Master Lock's failure to do so makes this case exceptional.  I disagree.

Wyers never moved for summary judgment on the "on-sale bar" issue.  Even if they had, a material question of fact remained—namely, whether the undisputed sales "pitching" call that preceded the letter could be interpreted as an offer for sale.  While no evidence supporting this conclusion was ultimately presented at trial, this is insufficient to show the claim was frivolous.  Accordingly, Wyers likewise fail to show by clear and convincing evidence that Master Lock's defective on-sale bar claim makes this an exceptional case.

**III.  CONCLUSION**

Examining this case in its individual parts, I do not find Wyers have shown this is an "exceptional case" for which an award of attorney fees would be appropriate.  Viewing the case holistically, I reach the same conclusion.  In determining whether a case is exceptional, courts may look to the conduct of both parties.  *See Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1575 (Fed. Cir. 1996).  It is not lost on the Court that the result achieved by Wyers was

dependent, in some part, on the introduction of the '649 patent to this case over Wyers's own

curious objection.  Moreover, Wyers also asserted and maintained claims that they later

withdrew only after extensive litigation, failed to comply with orders of this Court, and engaged

in questionable and dilatory discovery practices—all of which are a matter of prior record in this

case.  It would be inequitable to subject Master Lock to an award of attorney fees for engaging in

allegedly similar behavior.  Accordingly, Wyers's Motion for Attorney Fees [**Docket # 296**] is

DENIED.


Dated: May ___8___, 2009.

BY THE COURT:


                                            ___s/Lewis T. Babcock___
                                            Lewis T. Babcock, Judge