# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### LEWIS T. BABCOCK, JUDGE

Civil Case No. 06-cv-00619-LTB

PHILIP W. WYERS, a Colorado resident, and,
WYERS PRODUCTS GROUP, INC., a Colorado corporation,

      Plaintiffs,

v.

MASTER LOCK COMPANY, a Delaware corporation,

      Defendant.

_____

# ORDER
_____

In this patent infringement case, Plaintiffs, Philip W. Wyers and Wyers Products Group,

Inc. (collectively "Wyers"), asserted that Defendant, Master Lock Company ("Master Lock"),

infringed upon four of Plaintiffs' patents: U.S. Patent Nos. 6,055,832 (the "'832 patent");

6,672,115 (the "'115 patent"); 7,165,426 (the "'426 patent"); and 7,225,649 (the "'649 patent").

The '832 patent covers a barbell-shaped lock intended for locking a trailer hitch onto a motor

vehicle, with a seal mounted within the locking end of the barbell that prevents the ingress of dirt

or other matter into the locking mechanism.  The '115 patent covers a similar lock with a

removable sleeve on the shank so as to allow the lock to be used to lock together objects with

various sized apertures.  The '426 patent covers a method for providing a lock with a removable

sleeve on the shank.  The '649 patent covers a lock similar to that covered by the '832 patent, but

with a sealing cover affixed to the outside of the locking head.  Issues relating to infringement

and validity of the '832 patent were disposed of before trial.

This matter was tried to a jury over nine days beginning on March 2, 2009.  At the close

of evidence, the Court granted Wyers's motions for judgment as a matter of law on their infringement claims.  The question of obviousness of the remaining disputed claims—claims 15, 19, 21, and 24 of the '115 patent; claim 1 of the '426 patent; and claims 1, 9, and 11 of the '649 patent—was submitted to the jury.  The jury found Master Lock failed to show the claims were obvious by clear and convincing evidence and awarded Wyers $5.35 million in damages as a reasonable royalty.  The jury's verdict of nonobviousness is now upheld by this Court.

This case is now before me on Wyers's Motion for Permanent Injunction [**Docket # 290**], Master Lock's Response [**Docket # 311**], and Wyers's Reply [**Docket # 313**].  Both parties agree the injunction should enter and agree to its essential terms.  Accordingly, Wyers's Motion for Permanent Injunction [**Docket # 290**] is GRANTED as follows:

1.      IT IS ORDERED that for so long as the relevant patents at issue remain valid, Master Lock is enjoined from the following:

a.      The continued manufacture, marketing, sale, or use of the following products with the following base product numbers: 374, 375, 1377, 1471, 1472, 1473, 1474, 1475, 1479, 1480, 1481, 2848, 2866, and 3774.  Master Lock may continue to use these product number designations so long as the products sold under these designations comply with the remainder of this Order;

b.      The continued manufacture, without a duly executed license from Wyers, of any convertible receiver or coupler locks that embody the claims of the '115 convertible shank patent or the '426 method patent by containing a removable sleeve, or the '649 external seal patent;

c.      The continued sale, without a duly executed license from Wyers, of any

2

convertible receiver or coupler locks that embody the claims of the '115 convertible shank patent or the '426 method patent by containing a removable sleeve, or the '649 external seal patent;

      d.    The continued marketing, without a duly executed license from Wyers, of any convertible receiver or coupler locks that embody the claims of the '115 convertible shank patent or the '426 method patent by containing a removable sleeve, or the '649 external seal patent; and

      e.    The continued use, without a duly executed license from Wyers, of any convertible receiver or coupler locks that embody the claims of the '115 convertible shank patent or the '426 method patent by containing a removable sleeve, or the '649 external seal patent;

2.    Plaintiffs agree that this injunction will permit Master Lock to modify and sell previously manufactured product as follows:

      a.    Master Lock may sell 1/2 inch receiver locks without the sleeve;

      b.    Master Lock may sell the 1/2 inch receiver locks with the sleeve permanently welded to the 1/2 inch shank, thereby creating a solid, non-convertible 5/8 inch shank;

      c.    Master Lock may modify and sell its remaining receiver locks with a bumper and an O-ring on the shackle; and

      d.    Master Lock is enjoined from marketing, selling, or packaging these products as convertible shanks or as locks with an external seal affixed to the locking head;

3.       IT IS ORDERED that—to the extent Master Lock has sold or, prior to the effective date of this injunction, does sell any products that it would otherwise be enjoined from selling under the terms of this Order—Master Lock must pay Wyers a 24% royalty consistent with that found to be a reasonable royalty by the jury;

4.       Within 30 days of the entry of this Order Master Lock shall provide Wyers:

a.       An inventory of all remaining infringing product in Master Lock's possession;

b.       A list of all retailers and wholesalers that have purchased infringing product from Master Lock in the previous 12 months;

c.       An accounting of all sales of infringing product from January 2009 through the date of this Order; and

d.       An ongoing accounting of all sales of infringing product from the date of this Order forward, provided on the 15th of each month following the sale;

5.       The terms of this injunction are effective immediately, with the exception that paragraphs 1.a, 1.b, and 1.c shall be effective sixty days following the date of this Order providing a royalty is paid in accordance with paragraph 3.

Dated: May ___12___, 2009.

BY THE COURT:

   s/Lewis T. Babcock   
Lewis T. Babcock, Judge

4