**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 06-cv-00619-LTB

PHILIP W. WYERS, a Colorado resident, and,
WYERS PRODUCTS GROUP, INC., a Colorado corporation,

      Plaintiffs,

v.

MASTER LOCK COMPANY, a Delaware corporation,

      Defendant.
_____

**ORDER**
_____

      In this patent infringement case, Plaintiffs, Philip W. Wyers and Wyers Products Group, Inc. (collectively "Wyers"), asserted that Defendant, Master Lock Company ("Master Lock"), infringed upon four of Plaintiffs' patents: U.S. Patent Nos. 6,055,832 (the "'832 patent"); 6,672,115 (the "'115 patent"); 7,165,426 (the "'426 patent"); and 7,225,649 (the "'649 patent"). The '832 patent covers a barbell-shaped lock intended for locking a trailer hitch onto a motor vehicle, with a seal mounted within the locking end of the barbell that prevents the ingress of dirt or other matter into the locking mechanism. The '115 patent covers a similar lock with a removable sleeve on the shank so as to allow the lock to be used to lock together objects with various sized apertures. The '426 patent covers a method for providing a lock with a removable sleeve on the shank. The '649 patent covers a lock similar to that covered by the '832 patent, but with a sealing cover affixed to the outside of the locking head. Issues relating to infringement and validity of the '832 patent were disposed of before trial.

      This matter was tried to a jury over nine days beginning on March 2, 2009. At the close

of evidence, the Court granted Wyers's motions for judgment as a matter of law on their infringement claims.  The question of obviousness of the remaining disputed claims—claims 15, 19, 21, and 24 of the '115 patent; claim 1 of the '426 patent; and claims 1, 9, and 11 of the '649 patent—was submitted to the jury.  The jury found Master Lock failed to show the claims were obvious by clear and convincing evidence and awarded Wyers $5.35 million in damages as a reasonable royalty.  The jury's verdict on nonobviousness and reasonable royalty is now upheld by this Court.

This case is now before me on Wyers's Motion for Pre-Judgment Interest [**Docket # 291**], Master Lock's Response [**Docket # 312**], and Wyers's Reply [**Docket # 314**].  Master Lock does not dispute that Plaintiffs are entitled to pre-judgment interest, but dispute whether interest should be calculated at the prime rate or at the Treasury Bill rate.

"In the typical case an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."  *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).  "A trial court is afforded wide latitude in the selection of interest rates, and may award interest at or above the prime rate."  *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991).

In connection with the present motion, Mr. Wyers filed an affidavit, the contents of which are not disputed.  Mr. Wyers states that Wyers Products Group maintains a corporate line of credit with an interest rate presently set at prime plus one—although it has been set at greater than prime plus one in previous years.  This line of credit is used to finance manufacturing, shipping, and marketing costs, and has also been used to finance this litigation.  During the

pendency of this lawsuit, the line of credit has often been maximized.  Although the full amount of money borrowed under this credit line is not clear, it is clear to this Court that—had Master Lock paid Wyers the reasonable royalties due from the use of Wyers's inventions—Wyers would not have been put in the position of having to borrow to such an extent.

While Master Lock argues Wyers should have to prove the amount of money actually borrowed—and that prime rate should be available only on that amount—"it is not necessary that a patentee demonstrate that it borrowed at the prime rate in order to be entitled to prejudgment interest at that rate."  *Uniroyal*, 939 F.2d at 1545.  Even taking this factor into account, however, the evidence presented shows Wyers borrowed *above* the prime rate.  Weighing all the relevant factors, I find and conclude an award of prejudgment interest at the prime rate is appropriate to place Plaintiffs in as good a position as they would have been in had Master Lock entered into a reasonable royalty agreement.

Accordingly, Wyers's Motion for Pre-Judgment Interest [**Docket # 291**] is GRANTED. Master Lock is hereby ORDERED to pay Wyers pre-judgment interest in the amount of $1,137,920.

Dated: May   12   2009.

                                  BY THE COURT:

                                    s/Lewis T. Babcock
                                  Lewis T. Babcock, Judge